I'm just going to focus my argument on the instructional error or our view that the instructional error occurred as far as count one, and we're limiting that to the 841A portion of the conspiracy as it's alleged to count one, not the 841C2 portion of the conspiracy. And there is some recent Ninth Circuit support in our position that it was an erroneous destruction which would lighten the government's burden, and that's U.S. v. Chang, Tang, Lo, 447F3, 1212, 1231, and 1233. And in that Chang, Tang, Lo case, there was a missing mens rea element as it pertained to the 841A portion of the conspiracy alleged in count one. That particular case talked about aiding and abetting contains four elements. There's a knowledge element, there's an intent element. It also talked about 841A requiring the elements of knowingly and intentionally manufacturing methamphetamine. We've also cited the specific intent involved in aiding and abetting offense. And also the Ninth Circuit's Reinstruction 5.1 talks about knowingly and intentionally aiding, counseling, procuring, all those things that are wrapped up in the aiding and abetting theory of liability. And additionally, that argument talks about the evidence must show beyond a reasonable doubt that any defendant acted with knowledge and intention of helping. And in this particular case, the instruction on that particular portion of the 841A conspiracy is erroneous because there's no mention of any mens rea element, i.e., intent. And this is in the excerpt 752 where they talk about the elements necessary for a conspiracy to do an 841A violation. Counsel, do you agree that the plain error rule applies in this case since there was no objection to the insufficiency of the evidence and error in jury instructions? Yes, sir. So basically, we're really looking at something that is really clear on its face and has a very significant adverse impact in the administration of justice. The evidence in this case seems to be almost overwhelming. How can there be prejudice in this case? Your Honor, the evidence is overwhelming. I will concede with the 841C2 aspect of it, the pseudoephedrine having knowledge or having reasonable cause to believe that it will be used to manufacture methamphetamine. But as far as the actual aiding and abetting of manufacturing methamphetamine, I think that when you consider the fact, and again, I'm relying on Chang Tang Lo, there was a nuance where they said even though the mens rea element was not talked about in that case, the fact that the judge read the instruction indicating knowing and having reasonable cause to believe the pseudoephedrine used to manufacture methamphetamine was sufficient to cure the instructional error that took place in that particular case. Here, you have the instructions read knowing or, as opposed to knowing and. Knowing or having a reasonable cause to believe the pseudoephedrine was used to manufacture methamphetamine. So basically, when you take that mens rea element and put that into the 841 calculus as far as proof beyond original data is concerned, you could have a conviction in Mr. Herrera in this particular case, even though he had no actual knowledge that he was aiding and abetting the manufacturing methamphetamine, just if the jury found there was reasonable cause to believe that he could have manufactured methamphetamine. I sure have a lot of problem reversing on instructional error when the judge was not alerted to the error. It's pretty easy for poor phrasing to slip into instructions. They were viewed for abuse of discretion insofar as they're the form of the instruction rather than elements, which are de novo, and it's hard to see the injustice. Well, that's why I have, as an appellate counsel, the higher burden. I have to show plain error, and I have to show it's highly probable the error affected the verdict. And I feel it does because it's clear that the government counsel down below argued in either or situation knowing or having a reasonable cause to believe that this pseudoephedrine was going to be used to manufacture methamphetamine. Defense counsel's sole and only argument was reasonable doubt on the mens rea element, what's missing in this particular instruction. And the judge actually told the jury, as to count one, the government's not required to prove that Mr. Herrera knew his acts were unlawful. And I think that was somewhat misleading because I think in this particular case, when you're charging this man with a conspiracy to violate 841A, you have to show knowledge that he knew that the acts were unlawful, i.e., that the manufacturing went to methamphetamine. You do? That he knew it was unlawful? There's willfulness requirements? It's not enough to have scienter that you know that your manufacturer is going to people that make meth out of it? There has to be an intent, a specific intent to manufacture methamphetamine, as well as knowledge that it's going to be used to manufacture methamphetamine. It doesn't matter whether you know methamphetamine is against the law or supplying meth. Oh, I'm concerned. Knowledge is not a requirement for the, quote, listed chemicals in 841C2. I agree with that. But when you talk about convicting somebody for a conspiracy to violate 841A, there has to be a knowledge requirement. No question about it. There has to be an intent requirement, especially when it's not. My concern was you went back and forth between knowledge, intent and willfulness, and I was confused about what you were saying was omitted. All right. Intent, there should have been at 752 when the judge was giving the instruction on the A portion of the conspiracy in count one, he should have thrown in language requiring proof beyond a reasonable doubt, knowingly and intentionally procuring. Well, he's got a separate BRD instruction. He says everything I've said the government has to prove has to prove beyond a reasonable doubt, and here's what reasonable doubt means. I agree. He did put the reasonable doubt instruction there, but he never put the intent, the intentionally and knowingly element in the mens rea portion of the A portion of count one. What about the instruction where he talks about, well, maybe that's only... Maybe this is what... You're saying on count one, not count two. That's all I'm arguing, count one, and the A portion. I don't want to concede anything, but the C2 I'm not quarreling with. That's the A portion of the aiding and abetting the manufacturer. Didn't the aid and abet instruction have a mental element in it? The aiding and abetting instruction, 5.1 does, but it's not contained in the instruction. So if the jury reads the instruction that you contest and reads part A, and they start saying around the table there, gee, it says if he aids and abets it, he's out of luck, and it doesn't matter whether he knows it, has knowledge that he's aiding and abetting or not. It doesn't matter if he intends to aid and abet or not. Some other juror will look at the aiding and abetting instruction and say, no, aiding and abetting is defined in another instruction, and it does indeed require knowledge and intent. That's correct, but the aiding, the 5.1, I did not find intentionally and knowingly aiding, procuring, abetting, commanding, all those little actus reus verbs in there. It's not contained in there. When you look at the... Make sure you understand my question. What I'm asking you is even though the mental element of aiding and abetting is not mentioned in part A of the instruction on 752, isn't it mentioned in the separate instruction that was given defining aiding and abetting? Yes, but in connection with other counts, not in connection with count one. It was, however, mentioned in connection not with the aiding and abetting count, but the count for conspiracy in count one, the companion to that. As Judge Kleinfeld mentioned, you've got the mental element raised in counts two and three on aiding and abetting. You've got the mental element mentioned in connection with conspiracy. There is an omission in the aiding and abetting of the conspiracy. However, as Judge Kleinfeld said, when the jurors get in the room, every count has this mental element save this one where it was omitted. Is it not reasonable to assume that a juror would understand that a mens rea element was required even though it wasn't specifically included in that particular instruction? I mean, I can certainly concede it's a reasonable argument, but I think I have a reasonable argument that would argue to the contrary, that the jury might not leap to that conclusion. And especially with the Ninth Circuit backing I have, I think that Ching, Tao, Lo case indicates specifically if there's no mens rea element in connection with the 841A violation in that particular case, even though there was a proper mens rea element in the 841C2 violation in that case, and in Ching, Tao, Lo, they felt it was harmless error, or it was not plain error, because the judge in that case read language to the effect that involved knowing and having reasonable cause to believe that it would eventually be used, the pseudoephedrine would be eventually used to produce methamphetamine. In this particular case, we don't have the and word, we have the or word, and I think that's how I get up to the level of this plain error, which I concede I have to establish, because there was no objection down below. And I think the or certainly lightens the prosecution burden because of this faulty instruction the jury could have found Mr. Herrera guilty if they felt he had reasonable cause to believe it would eventually be used to manufacture methamphetamine, even though he had no actual knowledge that this pseudoephedrine that he had would be used to manufacture methamphetamine. That's all I'm arguing. Thank you, counsel. Thank you. Of course, arguments that are briefed but not discussed orally are not waived and are fully preserved. You've got everything in your brief before us that you Oh, oh, I agree. The fact that you focused on one issue is one issue. Thank you. May it please the Court, Tracy Wilkerson on behalf of the United States. I will similarly address myself to the issue that the defense counsel has raised and submit on the other issues, unless the Court has questions of me. I agree with the Court as the questions previously So I don't forget it. Do you both agree there should be an amyline remand here? Yes. Okay. Thank you. I disagree that there's been a showing of plain error with respect to the jury instructions. And the defense counsel pointed to a case that came out after the briefing was finished, U.S. v. Lowe. I would similarly point to the case. In that case, the defense raised the same issues that the defendant is raising here, plus a couple of additional ones. And the issues that the defendant, with respect to the issues that the defendant is raising here, which is, one, that there was an error in the commingling of the aiding and abetting and conspiracy instruction, and two, that there was an error with respect to the knowledge and unlawfulness instruction. The Court, this Court specifically ruled that neither was plain error. In fact, when they said that the – specifically with the – to the commingling issue, that the jurors in Lowe's case could have extracted the general aiding and abetting elements from the jury instructions on aiding and abetting, and then applied those elements to the allegations of conspiracy, and that's at page 1230. And also at page 1230, rejected Lowe's argument that he had to know that it was unlawful. That defendant raised an additional argument that this defendant has not raised. And that is where the whole discussion about knowing and reasonable cause to believe came up, which I don't think is applicable in this case. If the Court has any further questions of me, I would – I would submit. Thank you. Thank you, counsel. And if you want 30 seconds to rebut, take it, but there isn't much to rebut. I just want to make sure that I'm submitting all arguments rather than just the one I'm  Yes, indeed. Thank you. Thank you, counsel. Thank you, counsel. United States v. Herrera is submitted.
judges: Kleinfeld Fisher, Smith